KEVIN V. RYAN (CASBN 118321)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

GARTH HIRE (CASBN 187330)
JAMES E. KELLER (NYSBN 2893881)
Assistant United States Attorneys

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone:  (510) 637-3929
   Facsimile:   (510) 637-3724
   E-Mail:       Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                              )<br>    Plaintiff,               )<br>                              )<br>    v.                        )<br>                              )<br>NATHANIEL YANCEY,             )<br>                              )<br>    Defendant.                )<br>_____) | No. CR 06-00011 CW<br><br>STIPULATION AND ORDER VACATING TRIAL SETTING AND RESCHEDULING FOR FURTHER STATUS CONFERENCE AND EXCLUDING TIME |

     Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

     1.     On January 5, 2006, a federal grand jury indicted defendant for possession of cocaine base in violation of Title 21, United States Code, Section 844(a), and felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).

     2.     Defendant made his initial appearance in federal court on May 15, 2006.  On that day, the Honorable Wayne D. Brazil, United States Magistrate Judge, appointed Assistant Federal Public Defender Hilary A. Fox to represent defendant.

     3.     On May 22, 2006, the parties appeared before this Court for an initial status

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME

conference. The government produced discovery at that hearing and the parties subsequently set a motions filing date and a trial setting before this Court at 2:00 p.m. on September 18, 2006. Defendant's counsel elected not to file any pre-trial motions based on the information known to his counsel at that time.

4. Government counsel continued to investigate defendant's case following the May 22 hearing and learned that defendant Yancey had been intercepted on a wiretap. That wiretap led to an indictment in the case of <u>United States v. Michael Green Johnson, et al.</u>, CR 06-00189 SBA, a fifteen-defendant narcotics trafficking case pending before the Honorable Saundra B. Armstrong, United States District Judge. The government believes that some of the intercepted conversations from that wiretap relate to the charges pending against defendant Yancey in this case. The government therefore anticipates that it will use that evidence to supersede the indictment in its case against defendant Yancey or to potentially supersede the indictment in the <u>Johnson</u> to matter to include charges against defendant Yancey. In the event the government pursued the latter course of action, defendant Yancey would likely need to have new counsel appointed because Assistant Federal Public Defender Joyce Leavitt already represents one of the <u>Johnson</u> defendants. Alternatively, the parties may reach a resolution of this matter without a superseding indictment or trial in either case.

5. Based on the newly discovered wiretap evidence against defendant Yancey and its serious implications for defendant's case, his counsel needs additional time to review the wiretap evidence. This evidence is quite voluminous. Although the government is currently aware of at least fifteen intercepted conversations involving defendant Yancey, the entire wiretap investigation spanned from mid-October 2005 to mid-March 2006. Thus, defendant's counsel will need to review the wiretap-related documents including the wiretap applications, interception orders, periodic reports, transcripts, call summaries, and investigative reports, as well as audio files of many of the intercepted conversations. These documents alone constitute nearly 70,000 pages of material.

6. As a result, defendant's counsel requires the additional time from September 18, 2006, to October 30, 2006, to analyze and investigate the wiretap-related discovery the

government will produce, investigate the potential new charges presented by the wiretap evidence, determine whether to file any pre-trial motions regarding the wiretap, and to develop a trial strategy in light of the new wiretap evidence.  The parties believe that failure to grant the above-requested continuance would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

       7.      For the reasons explained above, the defendant requests, and the parties hereby stipulate, to vacate the currently scheduled September 18, 2006, trial setting hearing and schedule a status conference for 2:00 p.m. on October 30, 2006.

IT IS SO STIPULATED.

DATE: August 30, 2006

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

    /s/[1]
GARTH HIRE
JAMES E. KELLER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATE: August 30, 2006

    /s/
HILARY A. FOX, ESQ.
Assistant Federal Public Defender

Counsel for Nathaniel Yancey

///

///

///

---

[1] I hereby attest that I have on file all the holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME         3

**ORDER**

FOR GOOD CAUSE SHOWN, THE COURT HEREBY ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES.  THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled September 18, 2006, trial setting hearing is vacated.  A status conference is now scheduled for 2:00 p.m. on October 30, 2006.

2. The time period from September 18, 2006, to October 30, 2006, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  Finally, the time period from September 18, 2006, to October 30, 2006, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv) because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.  The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: 9/5/06

HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE